PER CURIAM.
Appellant challenges the voluntariness of his plea of guilty. The information lodged by the state charged appellant in two counts with 1) possession of barbiturates and 2) possession of a hallucinogenic drug (cannabis) in an amount more than five grams. After an extensive dialogue between the court and appellant,[1] the court accepted appellant’s voluntary plea of guilty to the charge of possession of a hallucinogenic drug of more than five grams. The trial judge then entered an order withholding adjudication of guilt and imposition of sentence placing appellant on probation for three years.
The sole point posed by appellant is that the factual basis established in the record is inadequate to support his plea of guilty. The extensive record before us establishes without contradiction that appellant voluntarily entered a plea of guilty to possession of hallucinogenic drugs. However, the record also clearly reveals that appellant was guilty only of possession of less than five grams of such drugs. In asmuch as an adjudication of guilt has not been found and sentence has not been imposed, appellant has not suffered from any erroneous *724 sentence. The three-year period of probation falls within a permissible period for the commission of a misdemeanor.[2] In the event that appellant’s probation should be revoked, the trial court at that time may not impose a sentence exceeding that prescribed for the misdemeanor of possession of less than five grams of a hallucinogenic drug.
The order appealed is affirmed.
RAWLS, C. J., and SPECTOR and JOHNSON, JJ., concur.

. The transcript of the proceedings as to the plea of guilty and order withholding adjudication of guilt and placing appellant on probation encompasses forty-four pages.

. Section 948.04, Florida Statutes, F.S.A.